evident to all passers." It was accordingly held in that case that although "it is a fact well known to the inhabitants of all our municipalities that sidewalks are liable in the winter to be thrown out of level by the action of the frost," yet the plaintiff, who was injured, very much in the same manner as the present plaintiff was, by the stringers of a plank walk being raised higher on one side than the other, could not recover without proof that the defect was observable by all passers. So here, the proper instruction to the jury should be that the borough was bound to keep a reasonable supervision over the condition of its sidewalks, but it was not liable for negligence unless it had actual notice or knowledge of the defect complained of, or it was so plain to observation and had existed so long a time that officers exercising a reasonable supervision ought to have observed it.

No case has been brought to our attention which holds any stricter rule than this. In Rapho Township v. Moore, 68 Pa. 404, it was held that when a bridge is old and has stood as long as the timbers usually last, it is negligence to omit proper precaution to ascertain its true condition. But there the duty to maintain the bridge was primarily and absolutely on the township, and the same element runs through all the other cases cited by appellee.

Judgment reversed, and venire de novo awarded.

---

# Lane *v.* Corr, Appellant.

*Signing release of liens without authority.*

A person who signs a release of liens, falsely representing that he has authority to do so from the owner of the liens, is liable in damages to a person purchasing the property on the faith of the release.

Argued Jan. 5, 1893. Appeal, No. 453, Jan. T., 1893, by defendant, Charles J. Corr, from judgment of C. P. No. 2, Phila. Co., June T., 1890, No. 181, on verdict for plaintiff, William S. Lane. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for signing release of lien without authority.

At the trial, before FELL, J., it appeared that plaintiff bought several houses from William H. Greenfield. Defendant's father, James Corr, furnished building stone, lime and sand for the houses and had a lien for the materials furnished, and also for mason work done by him. Prior to the sale of the houses to plaintiff, defendant, without authority from his father, signed a release of liens, and this release was shown to plaintiff, who, relying upon it, bought the houses. Subsequently James Corr filed a mechanic's lien and issued a scire facias upon it. At the trial of the scire facias it appeared that defendant had no authority to sign the release. Plaintiff was accordingly compelled to pay the lien, amounting to $256.38. See 134 Pa. 503.

The court charged in part as follows:

" The plaintiff's case here rests upon the allegation that at the time of the settlement for these properties he paid the whole amount of the purchase money upon the faith of the release of liens. That release was signed, as far as we are concerned with it here, ' James Corr, per C. J. Corr.' Charles J. Corr, who is the defendant in this action, no doubt acted innocently in the matter; that is, he had no intention to deceive or wrong anyone by what he did. He signed the release at the request of Mr. Greenfield; [he did, however, an unauthorized act; he had no authority to sign it, and, if by that act a third party had been misled to his injury, he is liable.] [1] [If one signs a paper in this way, holding himself out as having authority when he has not, he is liable to a party who has been misled by his act.] [2] [If Mr. Lane is entitled to recover in this case, it is because he made a settlement for the property upon the faith of the signature to the release.] [3] If he acted outside of that, if he acted upon the statement of Mr. Greenfield, or if he paid the money in any way without acting upon the faith of the signature, then, of course, he has no cause of action."

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*Robert Ingram,* for appellant, cited: Deacon v. Greenfield, 141 Pa. 467; Jones v. Horner, 60 Pa. 214.

*William B. Lane* for appellee, cited: Kroeger v. Pitcairn,

101 Pa. 311; Weare v. Gove, 44 N. H. 196; Bond v. Aitkin, 6 W. & S. 165; Cady v. Shepherd, 11 Pick. 400; Alcorn's Ex'r v. Cook, 101 Pa. 209; McConn v. Lady, 10 W. N. 493; White v. Skinner, 13 Johns. N. Y. 307.

PER CURIAM, at bar, January 5, 1893: Judgment affirmed.

---

Harris, Appellant, *v.* Schuylkill River East Side Railroad.

*Practice, S. C.—Exceptions—Railroads—Land damages.*

On an appeal from a judgment in condemnation proceedings, plaintiff's only assignment of error was " the action of the learned judge at the trial, after the jury had been sworn, in calling before him one of the counsel for appellant and the counsel'of said company respondent and saying to them: ' I will not allow a verdict in this case for more than $4,000 to stand.'" Nothing was printed in appellant's paper book except the names of the parties, the history of the case, the assignment of error, and argument. In appellee's paper book it was stated that no bill of exceptions had been sealed in the case, and that the language of the trial judge had been misstated. *Held*, that the judgment should be affirmed.

Argued Jan. 23, 1893. Appeal, No. 126, Jan. T., 1892, by plaintiff, Amanda G. Harris, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1885, No. 773, on verdict for plaintiff. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Appeal from report of viewers assessing damages for occupation of land by defendant, a railroad company.

Appellant's paper book contained merely the names of the parties and nature of proceedings, history of the case, a single assignment of error, and the argument. Under the heading of " The Names of the Parties and Nature of Proceedings " appeared the following statement: " The proceedings were upon petition of the railroad company to condemn land belonging to her [plaintiff] and from the award of the jury of view; she appealed. A verdict was entered, by agreement of counsel engaged, for $4,192.50, the court [FELL, J.] having said to counsel that a verdict for more than $4,000 would not be allowed to stand."